MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Northern District of Illinois (Chicago) |
|---|---|---|
| Name (under which you were convicted): JAMES D. WILLIAMS | 1:25-cv-08476  Judge John Robert Blakey | Docket or Case No.: 1:18-cr-00339-1 |
| Place of Confinement: FCI Talladega | Magistrate Judge Maria Valdez  DIRECT / CAT.3 | Prisoner No.: 52171-424 |
| UNITED STATES OF AMERICA | V. | Movant (include name under which convicted) JAMES D. WILLIAMS |

MOTION

FILED
7/23/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEN

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   U. S. District Court
   Northern District of Illinois
   Eastern Division

   (b) Criminal docket or case number (if you know):  1:18-cr-00339-1

2. (a) Date of the judgment of conviction (if you know):  11/14/2023
   (b) Date of sentencing:  11/14/2023

3. Length of sentence:  476 months

4. Nature of crime (all counts):

   Ct 1sss: Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371; Cts sss, 4sss, 6sss: Bank Robbery by Force or Violence, in violation of 18 U.S.C. §§ 2113(a) and 2; Cts 3sss, 5sss, 7sss: Using, Carrying, and Brandishing a Firearm During and In Relation to A Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii); Ct 8sss: Felon in Possession of A Firearm, in violation of 18 U.S.C. § 922(g)(1); Ct 9sss: Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371.

5. (a) What was your plea? (Check one)
   (1) Not guilty [✔]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Guilty on Counts 1sss through 9sss of the Third Superseding Indictment.

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [✔]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [✔]

8. Did you appeal from the judgment of conviction?   Yes [✔]   No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Seventh Circuit
   (b) Docket or case number (if you know): USCA No. 23-3284
   (c) Result: Dismissed Voluntarily
   (d) Date of result (if you know): 7/23/2024
   (e) Citation to the case (if you know):
   (f) Grounds raised:
   Sentence and conviction.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
       If "Yes," answer the following:
       (1) Docket or case number (if you know):
       (2) Result:

       (3) Date of result (if you know):
       (4) Citation to the case (if you know):
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

        (4) Nature of the proceeding:
        (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: _____
    (2) Docket of case number (if you know): _____
    (3) Date of filing (if you know): _____
    (4) Nature of the proceeding: _____
    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐
    (7) Result: _____
    (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:    Yes ☐    No ☐
    (2) Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective Assistance of Pretrial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial Counsel's rendered ineffective assistance in violation of the Sixth Amendment by:

(1) Failing to adequately communicate with Williams and inform him of the relevant circumstances and likely consequences of entering a guilty plea as opposed to proceeding to trial;
(2) Failing to file any substantive pretrial motions and an adequate and independent pretrial investigation; and
(3) Failing to make any meaningful effort to negotiate a favorable plea agreement with the government. These omissions deprived Williams of the ability to make an informed decision regarding the exercise of his constitutional rights and undermined the reliability of the plea proceedings.

A Memorandum of Law in Support will be forthcoming.

(b) **Direct Appeal of Ground One:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☑
    (2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☑
    (2) If you answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:
    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective Assistance of Trial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel's was constitutionally ineffective for:

(1) Failing to advise Williams of the overall defense strategy, including any available affirmative defenses and the theory of the defense; and
(2) Failing to subpoena and present defense witnesses whose testimony could have supported Williams' innocence or bolstered his defense. Counsel's failure to mount a meaningful defense violated Williams' right to the effective assistance of counsel at trial and prejudiced his ability to present his case.

A Memorandum of Law in Support will be forthcoming.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
 Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
 Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
 Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Ineffective Assistance of Appellate Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate Counsel's rendered constitutionally deficient performance by:
(1) Failing to maintain communication with Williams and keep him informed regarding the issues counsel intended to raise on appeal; (2) Denying Williams the opportunity to participate meaningfully in the appellate process, including the identification of additional meritorious issues for review; and (3) Failing to raise stronger, more viable arguments than those presented in the appeal. Appellate counsel's deficient performance deprived Williams of effective representation on direct appeal and undermined the fairness and integrity of the appellate proceedings.

A Memorandum of Law in Support will be forthcoming.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☐

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

    (3)   Did you receive a hearing on your motion, petition, or application?
          Yes ☐     No ☐

    (4)   Did you appeal from the denial of your motion, petition, or application?
          Yes ☐     No ☐

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
          Yes ☐     No ☐

    (6)   If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    Hallie M Bezner, Bezner Law Office, 121 N Marion St., Suite 200, Oak Park, IL 60302

    (b) At the arraignment and plea:
    Hallie M Bezner, Bezner Law Office, 121 N Marion St., Suite 200, Oak Park, IL 60302

    (c) At the trial:
    Hallie M Bezner, Bezner Law Office, 121 N Marion St., Suite 200, Oak Park, IL 60302

    (d) At sentencing:
    Hallie M Bezner, Bezner Law Office, 121 N Marion St., Suite 200, Oak Park, IL 60302

    (e) On appeal:
    Hallie M Bezner, Bezner Law Office, 121 N Marion St., Suite 200, Oak Park, IL 60302

    (f) In any post-conviction proceeding:
    N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ✔

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ✔

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence: N/A
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ✔

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

_____

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .
                                                                                                     (month, date, year)

Executed (signed) on _____ (date)

_____
Signature of Movant *[signed: James W...]*

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Therefore, Williams respectfully requests that the Court grant the following relief:

    Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

_____
JAMES D. WILLIAMS
REG. NO. 52171-424
USP CANAAN
U.S. PENITENTIARY
P.O. BOX 300
WAYMART, PA 18472
Appearing *Pro Se*

### DECLARATION OF JAMES D. WILLIAMS

    I, James D. Williams, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: July 18, 2025.
                                                                            _____
                                                                            JAMES D. WILLIAMS








US POSTAGE PAID
$11.00
Origin: 77070
07/18/25
4800420059-09

**PRIORITY MAIL®**
0 Lb 3.70 Oz
RDC 03

EXPECTED DELIVERY DAY: 07/21/25

C005

SHIP TO:
219 S DEARBORN ST
CHICAGO IL 60604-1702

USPS TRACKING® #
9505 5104 4801 5199 7665 93

**FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

**RECEIVED**
JUL 23 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JAMES D. WILLIAMS
REG. NO. 52171-424
USP CANAAN
U.S. PENITENTIARY
P.O. BOX 300
WAYMART, PA 18472

TO:
Mr. Thomas G. Bruton
Clerk of Court
U. S. District Court
Northern District of Illinois
Eastern Division
219 South Dearborn Street
Chicago, IL 60604

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

07/23/2025-11