



FILED

4/13/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES D. WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 25 CV 8476 |
| ) | Judge John R. Blakey |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff. ) | |

## REPLY TO GOVERNMENT'S RESPONSE TO WILLIAMS' 28 U.S.C. § 2255 MOTION

Movant, James D. Williams ("Williams"), appearing *pro se*, respectfully

submits this Reply in support of his Motion to Vacate, Set Aside, or Correct Sentence

under 28 U.S.C. § 2255.

## PRELIMINARY STATEMENT

The Government seeks summary denial of Williams's § 2255 motion by

narrowing his claims, overstating the effect of isolated portions of the record, and

treating disputed attorney-client communications as though they can be resolved on

paper. That approach is improper.

Williams's motion alleges that pretrial, trial, and appellate counsel rendered

constitutionally ineffective assistance at multiple critical stages. See Def. Memo at

1–3, 10–34[1]. The Government does not conclusively refute those allegations. To the contrary, the Government's response confirms that material factual disputes remain. Most notably, the Government admits that, at the time it filed its response, it had not been able to obtain trial counsel's account of her plea discussions with Williams. See Gov. Resp. at 32 n.6. The Government also relies heavily on a right-to-testify colloquy while overlooking that Williams first told the court, under oath, that he had not discussed the advantages and disadvantages of testifying with counsel. See Gov. Resp. at 4–5. And as to appellate counsel, the Government treats Williams's signed authorization dismissing his appeal as dispositive, even though the Sixth Amendment question is whether counsel's advice leading to that dismissal was competent. See Gov. Resp. at 39–43.

A *pro se* § 2255 motion must be liberally construed. See *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010). And where a movant alleges facts which, if true, would entitle him to relief, the court may not deny the motion without a hearing unless the record conclusively shows he is not entitled to relief. 28 U.S.C. § 2255(b); *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006); *Lafuente v. United States*, 617 F.3d 944, 946–47 (7th Cir. 2010). Williams's allegations easily clear that threshold.

---

[1]

"Def. Memo at ___" refers to Williams' Memorandum of Law in Support of § 2255 Motion, which is immediately followed by the page number. "Gov. Resp. at ___" refers to the Government's Response to Williams' 28 U.S.C. § 2255 Petition, which is immediately followed by the page number.

## I.   WILLIAMS'S PRO SE PLEADINGS MUST BE LIBERALLY CONSTRUED

Williams is proceeding *pro se*. Def. Memo at 1, 10. His pleadings therefore must be read less stringently than attorney-drafted submissions and must be liberally construed. See *Haines*, 404 U.S. at 520–21; *Norwood*, 602 F.3d at 837.

The Government nonetheless responds as though Williams were required to plead each ineffective-assistance issue with the precision of counseled appellate briefing. See Gov. Resp. at 15–18. It repeatedly argues that claims are waived, insufficiently developed, or too general. *Id.* But that framing is misplaced in a *pro se* § 2255 case, especially where the claims concern off-the-record attorney-client communications and strategic decisions that necessarily occurred outside the trial record.

The Government's reliance on waiver and undeveloped-argument authorities is therefore overstated in this context. Cases addressing represented litigants, appellate-briefing defaults, or wholly unsupported assertions do not authorize the Court to ignore the substance of a *pro se* prisoner's Sixth Amendment claims that were plainly presented in his motion. Williams's core contentions have been clear from the outset: inadequate plea advice and communication, failure to investigate and challenge critical evidence, failure to advise him meaningfully regarding trial strategy and whether to testify, failure to call favorable witnesses, and ineffective assistance

3

on appeal. See Def. Memo at 1–3, 10–34. The Court should evaluate those claims on the merits, not through a cramped reading of a *pro se* filing.

## II. THE GOVERNMENT DOES NOT CONCLUSIVELY REBUT WILLIAMS'S PLEA-STAGE INEFFECTIVE-ASSISTANCE CLAIMS.

Williams alleges that pretrial counsel failed to communicate adequately with him, failed to explain the likely consequences of pleading guilty versus proceeding to trial, failed to advise him competently regarding his sentencing exposure, and failed to make meaningful efforts to secure and explain a favorable plea resolution. See Def. Memo at 2, 10–18, 31, 34. Those allegations state a classic plea-stage ineffective-assistance claim under *Strickland v. Washington*, 466 U.S. 668 (1984), *Missouri v. Frye*, 566 U.S. 134 (2012), *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Lee v. United States*, 582 U.S. 357 (2017).

The Government's response does not conclusively defeat that claim. It argues that counsel negotiated a plea under which Williams would have pleaded guilty to one bank robbery and one § 924(c) count, that the government would have dismissed two other § 924(c) counts, that a change-of-plea hearing was set, and that Williams later described a proposed 27- to 30-year sentence as "a murderer sentence." See Gov. Resp. at 32–35. But the existence of a plea offer does not itself defeat a *Frye/Lafler* claim.

4

The Sixth Amendment question is whether Williams received constitutionally adequate advice about that offer, about the consequences of rejecting it, and about his true exposure if convicted at trial. See *Frye*, 566 U.S. at 145; *Lafler*, 566 U.S. at 163–64; *Lee*, 582 U.S. at 364–66.

The Government's own filing underscores why this issue cannot be resolved against Williams without a hearing. It expressly states that, "as of this writing," government counsel had not been able to reach trial counsel to discuss what she told Williams about the plea offer and his exposure. See Gov. Resp. at 32 n.6. That concession is fatal to summary denial on this point. If the Government itself lacks trial counsel's factual account, then the present record cannot "conclusively show" that Williams's plea-stage allegations are false or immaterial. See 28 U.S.C. § 2255(b); *Kafo*, 467 F.3d at 1067.

Nor does Williams's later sentencing remark conclusively establish that he knowingly rejected the plea after receiving competent advice. A defendant's statement that a proposed sentence felt crushing does not prove that counsel adequately explained the plea, the trial risks, or the consequences of rejecting the offer. To the contrary, Williams's allegations are that counsel's communication was so deficient that he was deprived of the ability to make a fully informed decision. See Def. Memo at 10–18. Under *Lafler* and *Lee*, that is a substantial constitutional claim, and at a minimum it requires factual development.

5

The Government also resists Williams's argument that counsel failed to pursue a more favorable resolution, but its response does not answer Williams's broader point that counsel failed to meaningfully consult with him about plea strategy and possible outcomes. See Gov. Resp. at 35–36; Def. Memo at 16–18. Construed liberally, Williams's motion is not merely complaining that counsel failed to obtain an ideal plea; he is alleging that counsel failed to provide the competent guidance necessary for him to make an informed choice at all. That is enough to warrant an evidentiary hearing.

### III. THE GOVERNMENT DOES NOT DEFEAT WILLIAMS'S CLAIMS REGARDING INVESTIGATION, FORENSIC EVIDENCE, AND THE SAMSUNG PHONE.

Williams alleges that counsel failed to conduct an adequate investigation, failed to seek appropriate investigative resources, failed to meaningfully challenge the glove and fingerprint evidence, failed to call favorable witnesses, and failed to properly litigate seizure, search, and evidentiary issues concerning the Samsung phone. See Def. Memo at 18–30. The Government largely answers by arguing that Williams has not shown exactly what a more robust investigation would have yielded. See Gov. Resp. at 19–30. That response is too demanding at this stage and too dismissive of the specifics Williams actually alleges.

### A.    Physical and forensic evidence.

Williams identifies concrete categories of evidence and testimony that, in his view, competent counsel should have examined more aggressively: alleged chain-of-custody problems regarding the latex gloves, flaws and delays in the fingerprint analysis, inconsistencies concerning collection and handling of evidence, and the absence of a more meaningful defense challenge to evidence that the Government presented as highly incriminating. See Def. Memo at 21–30. Those are not mere abstract assertions that "more investigation might have helped." They are identifiable areas of inquiry tied to central trial evidence.

The Government's reliance on cases rejecting speculative failure-to-investigate claims does not dispose of Williams's allegations. See Gov. Resp. at 19–25. Williams has done more than speculate. He has identified the evidence, the perceived weaknesses, and the reasons they mattered. See Def. Memo at 21–30. Whether counsel had a sound strategic basis for not pursuing those matters, or whether further investigation would have materially aided the defense, are classic hearing questions under § 2255.

### B.    Samsung phone issues.

The Government's response to the Samsung-phone claim is likewise too narrow. It argues that there was a warrant to search the phone and therefore any suppression claim necessarily fails. Gov. Resp. at 14–19. But Williams's claim, liberally

7

construed, is broader. He alleges that counsel failed to competently challenge the circumstances of the phone's seizure from the rental car, failed to litigate the Fourth Amendment and evidentiary issues in a meaningful way, and failed to expose the Government's allegedly inconsistent account of how the phone was recovered and tied to him. See Def. Memo at 29–30.

The existence of a later warrant to examine digital contents does not automatically resolve whether counsel should have challenged the initial seizure, the vehicle search, or the evidentiary reliability of the phone as recovered. And because the Sixth Amendment claim is ineffective assistance, the relevant question is not simply whether one suppression theory would have prevailed in isolation. The question is whether counsel's overall handling of the issue fell below an objective standard of reasonableness and prejudiced the defense. See *Strickland*, 466 U.S. at 687–88.

The Government's answer narrows Williams's claim to one formal issue and then declares it meritless. See Gov. Resp. at 14–19. That does not conclusively defeat the broader ineffectiveness claim actually alleged. At minimum, these issues warrant factual development at an evidentiary hearing.

8

## IV. THE RIGHT-TO-TESTIFY COLLOQUY DOES NOT CONCLUSIVELY DEFEAT WILLIAMS'S CLAIMS.

Williams alleges that counsel failed to discuss trial strategy with him and failed to advise him meaningfully regarding whether to testify. See Def. Memo at 2, 25–31. The Government relies heavily on the part of the trial colloquy in which, after two recesses, Williams told the court that he had discussed the issue with counsel, had enough time to do so, and did not wish to testify. See Gov. Resp. at 4–6, 30–31. But the Government omits the most important point from the same transcript: before those recesses, Williams told the court under oath that he had not discussed the advantages and disadvantages of testifying with counsel at all. See Gov. Resp. at 4–5.

That initial answer supports, rather than defeats, his ineffective-assistance claim. It suggests that counsel had not properly advised Williams on a core trial decision until the court itself intervened. A last-minute consultation at the close of the Government's case is not the same as constitutionally adequate preparation throughout trial. See, e.g., *Lathrop v. United States*, 634 F.3d 931, 937–39 (7th Cir. 2011) (recognizing the importance of consultation regarding the right to testify).

Nor does Williams's later statement that he was satisfied with counsel "on this issue" extinguish his broader claim. The record reflects that when the court asked what issue he was not satisfied with, Williams stated he would rather not say "at this point." See Gov. Resp. at 5–6. That exchange does not foreclose a later § 2255 claim

9

that counsel's preparation was deficient leading up to the colloquy. See *Blackledge v. Allison*, 431 U.S. 63 (1977), does not require a different result. While solemn in-court declarations are entitled to weight, they do not authorize courts to ignore surrounding facts or reject contrary allegations without a hearing where the claim concerns counsel's off-the-record failures before the colloquy occurred.

At minimum, this claim presents a fact-bound dispute that should not be resolved without an evidentiary hearing.

## V. THE GOVERNMENT'S RESPONSE TO THE APPELLATE-COUNSEL CLAIM IS MISPLACED.

Williams alleges that appellate counsel failed to communicate adequately with him, failed to permit meaningful participation in the appeal, induced him to dismiss the appeal, failed to advise him competently regarding further review, and failed to raise stronger issues. See Def. Memo at 31–34. The Government's principal answer is that Williams signed an authorization to dismiss the appeal and therefore cannot complain of ineffective assistance in connection with that dismissal. See Gov. Resp. at 39–43. That argument is misplaced.

A signed dismissal authorization does not answer the antecedent Sixth Amendment question whether appellate counsel's advice leading to that dismissal was constitutionally adequate. If counsel misadvised Williams, pressured him to dismiss the appeal, failed to explain viable issues, or failed to accurately explain the

10

consequences of dismissal and further review, then the existence of Williams's signature does not automatically bar relief. The Government's reliance on *Muskin v. United States* is therefore unpersuasive. See Gov. Resp. at 40. *Muskin* is a district-court decision, not controlling Seventh Circuit authority, and it did not establish any categorical rule that a signed dismissal form defeats every claim of ineffective appellate advice.

The controlling standard remains the one set out in Supreme Court and Seventh Circuit precedent: whether counsel's appellate performance was objectively unreasonable and whether there is a reasonable probability that, absent counsel's deficient performance, the result would have been different. See *Smith v. Robbins*, 528 U.S. 259, 285–88 (2000); *Smith v. Gaetz*, 565 F.3d 346, 351–52 (7th Cir. 2009); *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994). Williams identifies categories of stronger issues he says should have been pursued or preserved, including witness-credibility problems, evidence-handling issues, fingerprint questions, and cellphone-related issues. See Def. Memo at 31–33. The Government says those issues were undeveloped. See Gov. Resp. at 41–42. But that does not conclusively refute the claim, particularly where Williams alleges that appellate counsel's failures themselves prevented meaningful issue development and informed decision-making.

11

The Government's response regarding the § 2255 deadline also misses the point. It argues that any misadvice was harmless because Williams still filed a timely § 2255 motion. See Gov. Resp. at 42. But Williams's appellate-counsel claim is broader than timeliness. He alleges a breakdown in communication, misadvice regarding dismissal, failure to advise him concerning further review, and failure to raise stronger issues.See Def. Memo at 31–34. Timeliness alone does not eliminate those claims.

At minimum, the appellate-counsel claim depends on disputed off-the-record communications and should not be rejected without a hearing.

## VI. THE COURT SHOULD REJECT SUMMARY DENIAL AND CONDUCT AN EVIDENTIARY HEARING.

The Government asks the Court to deny the § 2255 motion without a hearing. See Gov. Resp. at 44. That request should be denied.

A § 2255 petitioner is entitled to a hearing when he alleges facts that, if true, would entitle him to relief, unless the motion and record conclusively show that he is not entitled to relief. See 28 U.S.C. § 2255(b); *Kafo*, 467 F.3d at 1067; *Lafuente*, 617 F.3d at 946–47. Credibility-dependent disputes involving plea advice, trial strategy, appellate advice, and attorney-client communications ordinarily cannot be resolved solely on paper. See *Machibroda v. United States*, 368 U.S. 487, 494–96 (1962).

12

That is precisely the posture here. Williams's plea-stage claim depends on what counsel told him about the plea offer, what sentencing exposure she explained, and whether he would have accepted the offer with constitutionally adequate advice. His right-to-testify claim depends on when and how counsel advised him concerning that decision. His appellate-counsel claim depends on what he was told about dismissing the appeal and about potential issues for further review. The Government's own admission that it had not secured trial counsel's account of the plea discussions underscores that the record is incomplete. See Gov. Resp. at 32 n.6.

This is not a case where the files and records "conclusively show" that Williams is entitled to no relief. It is a case where the principal disputes turn on facts outside the current record. The Court should therefore reject the Government's request for summary denial and hold an evidentiary hearing.

## VII. CONCLUSION

For the foregoing reasons, Williams respectfully requests that the Court reject the Government's request for summary denial, grant relief under 28 U.S.C. § 2255, or, at minimum, conduct an evidentiary hearing on Williams's claims of ineffective assistance of pretrial, trial, and appellate counsel, and grant such other and further relief as the Court deems just and proper.

JAMES D. WILLIAMS
REG. NO. 52171-424
USP CANAAN
U.S. PENITENTIARY
P.O. BOX 300
WAYMART, PA 18472

April 7, 2026

Mr. Thomas G. Bruton
Clerk of Court
U. S. District Court
Northern District of Illinois
Eastern Division
219 South Dearborn Street
Chicago, IL 60604

      RE:   *Britt v. United States*
             Civil No. 1:25-cv-08476
             Crim No. 1:18-cr-00339-1

Dear Mr. Bruton:

Enclosed please find and accept for filing Movant's Reply to Government's Response to Williams' 28 U.S.C. § 2255 Motion. Please submit this document to the Court.

Thank you for your assistance in this matter.

Sincerely,

JAMES D. WILLIAMS
Appearing *Pro Se*

*Encl. as noted*

Respectfully submitted,

Dated: April 7, 2026

JAMES D. WILLIAMS
REG. NO. 52171-424
USP. CANAAN
U.S. PENITENTIARY
P.O. BOX 300
WAYMART, PA 1847

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, that a true and correct copy of the above and foregoing Reply to Government's Response to Williams' 28 U.S.C. § 2255 Motion was sent via First Class U. S. Mail to Madeleine S. Murphy, Assistant U.S. Attorney at U. S. Attorney's Office, 219 S. Dearborn, 5th Floor, Chicago, IL 60604.

JAMES D. WILLIAMS

14

PRESS FIRMLY TO SEAL



PRESS FIRMLY TO SEAL

FSC
MIX
Board
FSC® C116916

PAPER
POUCH

**UNITED STATES POSTAL SERVICE**® | **PRIORITY® MAIL**

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service ... international destinat
- Limited international ir ...
- When used internation ... required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com.*

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

04/13/2026-2

RECEIVED

APR

THOMAS
CLERK, U.S. ... URT

To schedule free Package Pic ...
scan the QR code.



USPS.COM/PICKUP

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2


PAPER
POUCH
how2recycle.info

---

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE**®  Click-N-Ship®

**P**

*usps.com*
$8.85
US POSTAGE

04/07/2026
0 lb 4 oz

9405 5301 0935 5334 2289 62 0088 5000 0306 0604

U.S. POSTAGE PAID
Click-N-Ship®



Mailed from 18472   196320483197662

### PRIORITY MAIL®

REG. NO. 52171-424, USP CANAAN, U.S. PENITENTIARY
JAMES WILLIAMS
PO BOX 300
WAYMART PA 18472-0800

Created 2026-04-07
Flat Rate Envelope

RDC 03

C005



CLERK OF COURT, NORTHERN DISTRICT OF
THOMAS G BRUTON
219 S DEARBORN ST
CHICAGO IL 60604-1702

**USPS TRACKING #**



9405 5301 0935 5334 2289 62



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail®. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.